UNITED STATES

v.

Airman Richard E. DIENST, FR 553–66–0701, United States Air Force.

ACM 23782.

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 July 1982.

Decided 21 July 1983.

Appellate Counsel for the Accused:. Colonel George R. Stevens, Major William H. Lamb and Captain Patrick A. Tucker, USAFR.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

HEMINGWAY, Senior Judge:

Contrary to his pleas, the accused was convicted of desertion in violation of Article 85, U.C.M.J., 10 U.S.C. § 885. His approved sentence includes a dishonorable discharge, total forfeitures, reduction to airman basic and admonishment.

The accused was charged with deserting his unit in the Republic of Vietnam on 11 December 1967 and remaining in a desertion status until his apprehension on 13 March 1982.

After leaving his unit, on the date alleged, the accused remained in Saigon. For a period of time following his desertion, the accused was employed as a guard at the International House, a social club at the United States Embassy in Saigon. On 31 March 1971, the accused was arrested by Vietnamese and American military police for not having proper identification papers and placed in a Vietnamese immigration jail. Following this arrest, the U.S. State Department arranged for the accused's return to the United States. By appropriate exceptions and substitutions, the court-mar-

tial found the accused's desertion terminated on 31 March 1971.

■ The accused, at trial and now on appeal,[1] contends that the prosecution of his offense was barred by the statute of limitations. Uniform Code of Military Justice, Art. 43, 10 U.S.C. § 843. The pertinent portions of Article 43 provide:

(a) A person charged with desertion or absence without leave in time of war, or with aiding the enemy, mutiny, or murder, may be tried and punished at any time without limitation.

(b) Except as otherwise provided in this article, a person charged with desertion in time of peace or any of the offenses punishable under sections 919–932 of this title (article 119–132) is not liable to be tried by court-martial if the offense was committed more than three years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command.

The accused asserts that a "time of war" did not exist at the time of his offense and since sworn charges against the accused were not received by an officer exercising summary court-martial jurisdiction within three years of his desertion, the charge and specification should be dismissed. We disagree. It is well settled that desertion and absence without leave offenses which occurred during the Vietnam conflict, occurred "in time of war." *United States v. Anderson,* 17 U.S.C.M.A. 588, 38 C.M.R. 386 (1968); *see also, United States v. Reyes,* 48 C.M.R. 832 (A.C.M.R.1974).

■ The accused also contends he was denied a fair trial because the trial judge denied his motion for discovery. We find to the contrary.

The accused made two discovery requests, one consisting of 110 separately enumerated paragraphs and another containing 112 separately enumerated paragraphs. The two requests, which were substantially the

---

1. In addition to briefs submitted by civilian trial defense counsel and appellate defense counsel, the accused has moved for consideration by the court of a brief filed by military trial defense counsel. The brief of military trial defense counsel was untimely. The motion is denied.

same, each stated that they were "necessary in the complete and proper defense" of the accused. During a pretrial hearing, the individual defense counsel advised the military judge that without the information requested, it was doubtful whether an adequate defense could be provided the accused. A review of these discovery requests and the record indicates otherwise.

Military accused generally enjoy considerable discovery rights, in many instances broader than those found in civilian jurisdictions.

But the availability of the machinery for extensive discovery and production of evidence does not entitle the accused to use the machinery for improper purposes. If discovery of documentary evidence is sought, it must appear that the documents are relevant to the subject matter of the inquiry and that the request is reasonable.

Relevance and reasonableness of request necessarily depend upon the facts of each case, especially in considering the impact of the trial court's ruling upon the rights of the accused. (citations omitted) *United States v. Franchia,* 13 U.S.C.M.A. 315, 32 C.M.R. 315 (1962).

Representative samples of the accused's discovery requests are set out in the margin.[2] Most of the requests made by the

2. 19. A copy of all arrest and field reports for persons stopped and/or arrested for suspicion of desertion/AWOL for the period of 1969 through 1982.

20. A detailed list of any convictions, court-martials, [sic] releases, discharges, and/or any action taken by the military of any and all persons listed in 19 above.

21. What communications were held by the American Embassy and/or the State Department with the Military, as it relates to any and all AWOLs/desertions in Vietnam during the period of 1967 through the present.

26. All rules, regulations, guidelines and/or written directives in relation to any and all employment of military or civilian personnel by the American Embassy and/or State Department in Vietnam.

28. All rules, regulations, guidelines and/or written directives in relation to any and all employment of security personnel by the American Embassy and/or State Department in Vietnam.

29. Any written communications, in any form, and/or tape recordings, as it pertains to the employment of either civilian, military, or security personnel as it pertaining [sic] to the Vietnam Era.

30. All rules, regulations, guidelines and/or written directives in relation to communicating such information between the American Embassy, State Department and Military in the Vietnam Era.

50. Any and all dates and times that the American Embassy and/or State Department in Vietnam was required to defend themselves against any form of attack, including but not limited to, threats, or actual violence, whether by weapons or any other form of attack, be it from the air or ground, for the period of 1964 through the present.

51. Names, current addresses and telephone numbers of any and all persons, civilian or military, foreign or domestic, who were involved in any way in the defense or protection of the American Embassy and/or State Department in Vietnam for the period of 1964 through the present.

52. Any and all written communications and/or tape recordings of the defendant or any other employee, civilian or military, foreign or domestic, in relation to the actual defense or protection of the American Embassy and/or State Department in Vietnam for the period of 1964 through the present.

53. A detailed list of any and all weapons used against the American Embassy and/or State Department regarding such attack as listed in No. 50 above.

82. A detailed list of any and all chemicals or any other substance used in preserving, sterilizing or sealing dead bodies being loaded and unloaded onto airplanes in Vietnam, for the period of 1964 through 1973.

83. A detailed weather report for the area of Tan Son Nhut and Dnangh for the year 1967.

91. A record of all flight manifests of all planes with bodies or persons, and/or caskets loaded for transfer back to the United States and/or any other dependency of the United States from 1964 through the present.

92. Names, current addresses and telephone numbers of any and all persons, civilian or military, domestic or foreign, involved in the transferring of bodies and caskets back to the United States and/or any other dependency of the United States from 1964 to the present.

93. A complete record of the hours worked in any one day, any one week or any one month, and for how many weeks, months and years, by each person or persons, civilian or military, domestic or foreign, involved with the transferring of bodies and caskets back to the United States and/or any other dependency of the United States from 1964 through the present.

105. A complete list of all South Vietnamese Police involved in any way with defendant's

defense, as exemplified by those set out herein, are either irrelevant or unreasonable or both. It appears that the accused exceeded the scope of legitimate discovery and engaged in a general fishing expedition. Our review of the record convinces us that the accused was provided with that reasonable and relevant information which was necessary to conduct a proper defense. The military judge's denial of the discovery request was not an abuse of discretion and did not deny the accused a fair trial.

We have considered the remaining assignments of error and resolved them adversely to the accused.

■ One further matter merits our attention. In his action, the officer exercising general court-martial jurisdiction attempted to apply the forfeitures to pay and allowances accruing on and after the date of his action. This was error. "If a sentence as approved by the convening authority does not include confinement or if the sentence to confinement is to be suspended, any approved forfeitures may not be *applied* until the sentence is ordered into execution." M.C.M., 1969 (Rev.), paragraph 88 *d*(3). (emphasis added).

The findings of guilty and the approved sentence are affirmed, but the application of forfeitures is deferred until the sentence is ordered into execution.

CANELLOS and RAICHLE, Judges, concur.

detention and the ultimate return of defendant to the United States.

106. All paperwork connected with defendant prepared by the South Vietnamese Police, both in English and Vietnamese.

107. Names, current addresses and telephone numbers of any and all Vietnamese Police who had any contact, oral or written, with defendant.

108. Qualifications of South Vietnamese Police with respect to detaining defendant, and any other person or persons they may have detained in a same or similar situation.

109. Names, current addresses and telephone numbers of any other person or persons, military or civilian, foreign or domestic who were in any way detained by the South Vietnamese Police from 1964 through the present.

110. Names, current addresses and telephone numbers of any and all persons, civilian or military, foreign or domestic, who were deported from Vietnam from 1964 through the present.